# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2012

No. 12-50049
Summary Calendar

Lyle W. Cayce
Clerk

HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES
DEPARTMENT OF LABOR

Plaintiff-Appellee

v.

STATE OF TEXAS, TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES, CHILD PROTECTIVE SERVICES DIVISION

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas, Austin Division
USDC No.1:11-cv-00469-SS

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The State of Texas appeals the denial of a motion to dismiss a lawsuit filed against them by the United States Department of Labor under the Fair Labor Standards Act ("FLSA"). The only issue on appeal is whether this suit is barred by sovereign immunity. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50049

## FACTS AND PROCEEDINGS

The Department of Labor filed suit against Texas under the FLSA, on behalf of individual employees of the Texas Department of Family and Protective Services, Child Protective Services Division ("CPS"). The Department of Labor's complaint alleges that Texas has acted in violation of the FLSA by employing CPS employees over 40 hours per week without paying overtime wages. The complaint further alleges that Texas has failed to maintain adequate records of the hours worked by CPS employees, in violation of the FLSA and accompanying regulations.

The Department of Labor seeks an injunction preventing Texas from continuing these practices, as well as an order disgorging Texas of the amounts due to CPS employees. The order would either require Texas to submit payments to the Secretary of Labor who would then transmit the payments to CPS employees, or enjoin Texas from withholding previously unpaid overtime compensation from the employees.

Texas moved to dismiss the complaint on sovereign immunity grounds, arguing that the Department of Labor is acting as a "nominal party" in place of the CPS employees. The district court denied the motion to dismiss and Texas appeals.

## STANDARD OF REVIEW

The single issue on appeal is whether the Department of Labor is prohibited from bringing this suit under the doctrine of sovereign immunity. We review issues of law, such as whether a state is entitled to sovereign immunity, de novo. *Union Pac. R.R. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 339 (5th Cir. 2011); *Severance v. Patterson*, 566 F.3d 490, 495 (5th Cir. 2009).

No. 12-50049

## DISCUSSION

Sovereign immunity is a pre-constitutional guarantee that states cannot be subject to suits by their own citizens without their consent. *See* U.S. CONST. AMEND XI; *Alden v. Maine*, 527 U.S. 706, 712-13 (1999) ("States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today. . .").

Sovereign immunity, however, does not prevent a state from being subject to suit by the United States. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 71 n.14 (1996). As Texas concedes, this court has previously held that sovereign immunity does not bar a suit by the United States on behalf of individual citizens under the FLSA. *Marshall v. A&M Consol. Indep. Sch. Dist.*, 605 F.2d 186, 188-89 (5th Cir. 1979) (citing *Dunlop v. State of N.J.*, 522 F.2d 504, 517 (3d Cir. 1975), vacated and remanded on other grounds by *New Jersey v. Usery*, 427 U.S. 909 (1976); *Brennan v. State of Iowa*, 494 F.2d 100, 103 (8th Cir. 1974)). *See also Emps. of Dep't. of Pub. Health & Welfare, Mo. v. Dep't of Pub. Health & Welfare, Mo.*, 411 U.S. 279, 285-86 (1973) (noting that "the Secretary of Labor [has] authority to bring suit for unpaid minimum wages or unpaid overtime compensation under the FLSA . . . [and] suits by the United States against a State are not barred by the Constitution.").

A suit by the Secretary of Labor under the FLSA is a suit in the public interest, notwithstanding the fact that the money obtained passes to private individuals. *Marshall*, 605 F.2d at 188-89; *Dunlop*, 522 F.2d at 517 ("[T]he allocation of money damages against the States benefits not only the employees but aids substantially in the enforcement of the FLSA . . . the provision authorizing suits by the Secretary [is] based upon Congressional sensitivity to the delicacy of our federal system.") (citation omitted). Therefore, sovereign immunity does not apply to bar this suit. *Marshall*, 605 F.2d at 188-89. *See also Alden*, 527 U.S. at 759-60 ("The difference between a suit by the United

3

No. 12-50049

States on behalf of the employees and a suit by the employees implicates a rule that the National Government must itself deem the case of sufficient importance to take action against the State; and history, precedent, and the structure of the Constitution make clear that, under the plan of the Convention, the States have consented to suits of the first kind but not of the second."). Under the precedent of this circuit, Texas's argument is foreclosed.

## CONCLUSION

We AFFIRM the district court's denial of Texas's motion to dismiss on sovereign immunity grounds.